Gale O'CONNELL, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.

No. 99–35374.

D.C. No. CV–96–00143–DWM/RFC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2001.\*

Decided Feb. 14, 2001.

Before MCKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM \*\*

■ Gale O'Connell appeals the judgment of the district court affirming the decision of the Commissioner of the Social Security Administration to deny O'Connell's application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo the district court's order affirming the Commissioner's denial of benefits." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). The order will be overturned only if it is not supported by substantial evidence or is based on legal error. *See Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir.2000).

■ "The ALJ [Administrative Law Judge] is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999) (citation omitted). "If a claimant produces evidence that he suffers from an ailment that could cause pain, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997) (alteration in original) (citation omitted).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**368**

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Morgan,* 169 F.3d at 599.

█ The ALJ's reasons for rejecting O'Connell's pain testimony were slender and insufficient. The magistrate judge correctly noted that the ALJ did not set forth specific, clear and convincing reasons for rejecting O'Connell's pain complaints. Nevertheless, the magistrate judge recommended that remand was not warranted because specific, cogent reasons to support the ALJ's ruling were readily found in the record. The district court adopted the magistrate judge's recommendation.

The district court erred in adopting the recommendation to uphold the ALJ's ruling. In order to discredit O'Connell's pain testimony, the ALJ, not the magistrate judge or the district court, was required to identify and articulate clear and specific reasons for doing so. *See id.* Because the ALJ failed to sufficiently articulate the basis for an adverse credibility finding, we reverse the district court and remand with directions to the ALJ to make adequate findings.

REVERSED and REMANDED.