**Rosie KREIDLER, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. EDCV 04–0662–RC.**

United States District Court,
C.D. California.

July 26, 2005.

Bill LaTour, Loma Linda, CA, for Plaintiff.

Cedina M. Kim, Assistant United States Attorney, Los Angeles, CA, for Defendant.

## OPINION AND ORDER

CHAPMAN, United States Magistrate Judge.

Plaintiff Rosie Kreidler filed a complaint on June 8, 2004, seeking review of the Commissioner's decision terminating her disability benefits. The Commissioner answered the complaint on February 28, 2005, and the parties filed a joint stipulation on April 4, 2005.

## BACKGROUND

On April 16, 1991, plaintiff applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423, claiming an inability to work since July 31, 1989. Certified Administrative Record

("A.R.") 46–48. The plaintiff was found to be disabled, meeting the requirements of Listing 12.04 (affective disorders), and was awarded Title II benefits effective February 1, 1991. A.R. 16, 35. On October 24, 1997, the Social Security Administration ("SSA") terminated plaintiff's disability benefits, stating "[t]he medical evidence shows additional evidence was needed to evaluate the severity of your condition. We set up an examination, but the appointment was not kept. Our efforts to obtain your cooperation were unsuccessful. Therefore, benefits are denied." A.R. 209–12.

The plaintiff apparently appealed this decision, A.R. 14, and a telephonic hearing was held on October 13, 2000, before Disability Hearing Officer Lauren Young ("the DHO"), A.R. 33–34, who issued a decision terminating plaintiff's disability benefits. A.R. 30–43. Specifically, the DHO found:

> [D]espite multiple notices by the Disability Determination Service [plaintiff] failed [to attend] consultative examinations [scheduled for] 10/17/97, 10/21/97, and again on 9/1/00 [and] 9/7/00. The [DHO] has notified [plaintiff] verbally and in writing that no medical evidence has been received to evaluate her current condition. On 10/13/00[, plaintiff] agreed to provide the name and address of her current treating psychiatrist. She verbally acknowledged the understanding her benefits would be ceased without this information. On 10/18/00[,] she was sent written notice to call within 10 days or her claim would be closed due to insufficient evidence. As of today's date, twenty days have elapsed with no contact from [plaintiff]. There are no medical records in [the] file to establish current disability.

A.R. 35.

On February 27, 2001, plaintiff requested an administrative hearing, claiming she was still disabled, A.R. 28–29; however, on July 19, 2002, Administrative Law Judge Alan K. Goldhammer ("ALJ Goldhammer") dismissed plaintiff's request for an administrative hearing when plaintiff failed to appear at her scheduled hearing. A.R. 223–26. In so doing, ALJ Goldhammer found:

> On April 18, 2002, a Notice of Hearing was mailed to [plaintiff] to inform her of the time and place set for the hearing. The hearing was re-scheduled from May 23rd to June 25, 2002, and [plaintiff] personally was informed of and agreed to the change. Neither [plaintiff] nor anyone on her behalf appeared on June 25th, 2002. . . . [¶] It should be noted that this is a cessation case and that [plaintiff] presumably is still entitled to benefit payments. In considering whether to dismiss this matter, I noticed that [plaintiff] did not attend any of the consultative examinations scheduled for her and that her request for hearing was filed late but excused because she had moved so often her address changes were considered a justification for the late filing. It appears that [plaintiff] would have been likely to have been found uncooperative and may be stalling or trying to delay the cessation of her benefit payments. . . . A Notice to Show Cause for Failure to Appear was mailed to [plaintiff] on June 25, 2002. No response was made to the Notice as of the date of this Order.

A.R. 225.

On August 9, 2002, plaintiff sought review of this dismissal, and on January 22, 2003, the Appeals Council remanded the matter for an administrative hearing, which was held before Administrative Law Judge F. Keith Varni ("the ALJ") on January 16, 2004. A.R. 2, 14, 18–27. On February 5, 2004, the ALJ issued a decision finding plaintiff's disability ceased on Octo-

ber 15, 1997, and her eligibility for medical benefits ceased on December 31, 1997. A.R. 10–17. The plaintiff appealed this decision to the Appeals Council, which denied review on May 1, 2004. A.R. 5–9.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999); *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998).

 "In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick,* 157 F.3d at 720; *Holohan v. Massanari,* 246 F.3d 1195, 1201 (9th Cir.2001). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." *Reddick,* 157 F.3d at 720–21; *McCartey v. Massanari,* 298 F.3d 1072, 1075 (9th Cir. 2002).

A claimant whose condition has improved medically so that she is able to engage in substantial gainful activity may no longer be disabled. 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594; *Flaten v. Sec. of Health & Human Services,* 44 F.3d 1453, 1459–60 (9th Cir.1995). Benefits may also cease for non-medical reasons, including "if the individual … fails, without good cause, to cooperate in a review of the entitlement to such benefits…." 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1518(a), 404.1594(e). In making "any determination relating to … failure by any individu-

al without good cause to cooperate …, the Commissioner … shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)." 42 U.S.C. § 423(f).

 Here, the ALJ determined plaintiff's disability ceased for non-medical reasons as of October 15, 1997, because plaintiff "refused to cooperate with the [SSA] by not attending consultative examinations and not provid[ing] requested medical evidence…." A.R. 16. Specifically, the ALJ found:

> Based on medical considerations the State Agency physicians determined … that [plaintiff's] disability ended on October 15, 1997 and [plaintiff's] entitlement was for two full months after that date. The [plaintiff] failed to appear for a number of repeatedly rescheduled consultative examinations. She managed to stall the disability hearing to November 3, 2000 by moving repeatedly and by other strategies. When [plaintiff] finally received an unfavorable hearing officer's decision she filed a tardy request for hearing which was generously accepted as timely without any credible rationale, as was [plaintiff's] request for benefit continuation. The [plaintiff] further delayed the progress of the case by moving but it was finally set for June 25, 2002, almost five years after the proposed cessation date. The [plaintiff] failed to appear for that hearing and the [ALJ] reasonably dismissed [plaintiff's] request for hearing. The Appeals Council initially affirmed the dismissal but then inexplicably found [plaintiff] because of more moves was justified in not attending the scheduled hearing and remanded the matter…. [¶] The hearing officer's decision dated November 3, 2000 cited [plaintiff's] lack of cooperation

and dilatory tactics. The [plaintiff] was scheduled for consultative examinations on October 17, 1997, October 21, 1997, September 1, 2000, and September 7, 2000, and failed to appear at any of these scheduled examinations. The [plaintiff] was out of state at the time of the hearing officer's interview and a telephone hearing was conducted.... The [plaintiff] was notified that despite her numerous physical and mental complaints, no medical evidence had been received to evaluate her current condition. The [plaintiff] agreed to provide current medical treatment records and the name and address of her psychiatrist. She acknowledged the understanding that her benefits would be ceased without this information. The [plaintiff] did not submit additional evidence and [plaintiff] was notified on October 18, 2000, that her claim would be closed due to insufficient evidence. The hearing officer noted that as of November 3, 2000, no medical records were submitted to establish [plaintiff's] current disability and [plaintiff] made no further attempts to contact Social Security. It should be noted that during the hearing officer's telephone interview [plaintiff] admitted that she was currently attending college courses to finish her AA degree. She said that she was living in a motel across from the campus and was able to clean her room. She said she attended two hours of classes a day. [¶] The [plaintiff] was scheduled for a hearing on June 25, 2002, but [plaintiff] failed to appear despite the fact that [she] was personally informed of the hearing and agreed to the date.... ALJ Goldhammer found [plaintiff] had no good reason for her failure to appear at her scheduled hearing. A Notice to Show Cause was sent to [plaintiff] for Failure to Appear on June 25, 2002, but [plaintiff] did not respond to this notice or give any reason for her nonappearance....

A.R. 14–15 (citations omitted; footnote added).[1]

Plaintiff's repeated failures to attend the consultative examinations scheduled for her constitute a failure to cooperate sufficient to warrant termination of her disability benefits. 42 U.S.C. § 423(f); *see also* 20 C.F.R. § 404.1518(a) ("If you are already receiving benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arranged for you, we may determine that your disability or blindness has stopped because of your failure or refusal."). Here, plaintiff has not established, or even attempted to argue, she had "good cause" for missing the scheduled appointments. *See,* e.g., 20 C.F.R. § 404.1518(b) (examples of good cause for failure to appear include: illness on the date of the scheduled examination or test; not receiving timely notice of the scheduled examination or test, or receiving no notice at all; being furnished incorrect or incomplete information, or being given incorrect information about the physician involved or the time or place of the examination or test; or having had a death or serious illness occur in your immediate family).

Moreover, although plaintiff was initially awarded disability due to a mental impairment, absolutely nothing in the record suggests plaintiff's failure to cooperate was due to her mental impairment. To the contrary, plaintiff attended consultative physical and psychiatric examinations before she was awarded disability benefits.

---

1. The plaintiff has "accept[ed]" the ALJ's summary of the relevant evidence and testimony "with the exception of the evidence and testimony cited in the disputed issues[,]" Jt. Stip. at 3:17–20; however, the plaintiff's "disputed issues" do not address any of the evidence set forth above.

A.R. 79–84. Moreover, as the ALJ found, plaintiff was regularly attending college at or around the time she failed to provide the information requested of her and failed to attend several scheduled consultative examinations. A.R. 14–15.

Plaintiff does not dispute these conclusions or her lack of cooperation. Instead, she ignores the ALJ's rationale entirely and contends this matter must be remanded because the ALJ did not properly consider the entire medical record. However, this argument misses the mark. Plaintiff's disability benefits were not terminated because her medical condition had improved; rather, they were terminated for a non-medical reason—her lack of cooperation—and, as set forth above, substantial evidence supports this determination.

## ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is denied and defendant's request for relief is granted; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.