**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL THOMAS STARK, | No. 10-55714 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01726-JAH-JMA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 8, 2011
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

The ALJ's assessment of Michael Thomas Stark's residual functional

capacity was sufficient under Social Security Ruling 96-8p because the

Administrative Law Judge ("ALJ") addressed and considered the opinions of each

of Stark's examining and treating physicians, described the exertional and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

nonexertional limitations diagnosed by each, and explained that every physician's opinion was consistent with light-level work. *See* SSR 96-8p. Moreover, even assuming that the ALJ erred in failing to make more specific factual findings as to Stark's nonexertional limitations, that error was harmless because each limitation diagnosed by a physician or described by Stark was included in the ALJ's hypothetical questions to the vocational expert ("VE"), and in response to each of the hypothetical questions, the VE stated that jobs existing in substantial numbers in the economy could be performed by a person with such limitations. *Cf.* 20 C.F.R. § 404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

At his hearing, Stark did not raise the argument that the ALJ had failed to discharge his "affirmative responsibility" to "obtain a reasonable explanation for any apparent conflict" between the VE's testimony and the *Dictionary of Occupational Titles*. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). But even assuming that such an argument is not therefore waived, *see Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), it fails on the merits, because Stark has not pointed to any apparent inconsistency here: The ability to engage in frequent reaching and handling is not clearly inconsistent with the inability to engage in excessive or repetitive use of the hands. *See* U.S. Dep't of Labor, *Selected*

*Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* Appx. C (1993) (defining "reaching" and "handling").

**AFFIRMED.**