**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAY ANN NABIS-SMITH, | No. 16-35021 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01427-JE |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Submitted April 27, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Kay Ann Nabis-Smith appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Nabis-Smith's application for

disability insurance benefits and supplemental security income under Titles II and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Nabis-Smith contends "that the universe of sedentary jobs does not exclude all production rate paced work, and that the ALJ erred in accepting the V[ocational] E[xpert]'s testimony that it did so." We disagree. The *Dictionary of Occupational Titles* ("DOT") distinguishes between sedentary and light work based on the physical demands of a position. The VE's statement that "by definition, sedentary does not require production-type work," is consistent with the DOT's explanation that an otherwise sedentary job should be rated as a light job if it requires working at a production rate pace. Moreover, there is no conflict between the VE's testimony and the DOT's descriptions of the sedentary jobs identified by the VE and relied upon by the ALJ, none of which includes any reference to a constant exertion of even a negligible amount of force. *See Massachi v. Astrue*, 486 F.3d 1149, 1153, 1154 n.19 (9th Cir. 2007) (explaining that an ALJ's failure to inquire into an apparent conflict is harmless if "there [is] no conflict, or if the vocational expert . . . provided sufficient support for her conclusion so as to justify any potential conflicts.").

Additionally, we reject Nabis-Smith's contention that the ALJ failed to identify jobs she can perform that exist in significant numbers in the national economy. The ALJ's conclusion that over 1,000 jobs in the Oregon economy constitutes a "significant number" is supported by substantial evidence and is consistent with this court's holdings that comparable numbers of jobs in local and regional economies are "significant." *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (upholding the ALJ's finding that 1,300 jobs in Oregon constituted significant work); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (affirming the ALJ's conclusion that "between 1,000 and 1,500 surveillance systems monitor jobs in the local area" constituted a significant number); *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478–79 (9th Cir. 1989) (finding 1,266 jobs to be "within the parameters of 'significant numbers'" and citing with approval lower court decisions finding several hundred jobs "significant"). Moreover, the ALJ's determination that more than 92,000 jobs in the national economy represented a significant number of jobs that Nabis-Smith could perform is supported by substantial evidence. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 521, 528 (9th Cir. 2014) (affirming that "25,000 jobs meets the statutory standard" for jobs in the national economy).

**AFFIRMED.**

3