**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA A. MAESTAS, | No. 14-35956 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05878-KLS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted June 27, 2017**

Before: NELSON, TROTT, and OWENS, Circuit Judges.

Pamela Maestas appeals the district court's decision affirming the

Commissioner of Social Security's denial of Maestas's application for

supplemental security income under Title XVI of the Social Security Act. We

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Maestas's credibility regarding the debilitating effects of her symptoms: (1) there was a lack of supporting objective medical evidence for Maestas's subjective complaints; and (2) there were inconsistencies between Maestas's subjective complaints and her activities of daily living. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (finding that lack of medical evidence is a factor that the ALJ can consider in credibility analysis); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms).

The ALJ gave the following specific and legitimate reasons for assigning only "little weight" to Dr. Wentworth's May 2010 opinion regarding Maestas's functional limitations: (1) treatment notes and objective findings were within normal limits; and (2) Dr. Wentworth's opinion was not supported by subsequent assessments. The ALJ had specific and legitimate reasons for assigning only "little weight" to Dr. Wentworth's November 2010 opinion: (1) there was no record support for Dr. Wentworth's restricted limitations on Maestas's lifting, sitting and standing when in fact the limitations on lifting are inconsistent with Dr.

Wentworth's November 2011 assessment that Maestas could lift a maximum of 20 pounds and lift 10 pounds frequently; and (2) this opinion was inconsistent with Maestas's physical therapy reports showing overall improvement, decreased pain and symptoms as well as treatment reports indicating minimal pain or tenderness. The ALJ gave the following specific and legitimate reasons for assigning Dr. Wentworth's November 2011 opinion only some weight: Maestas's activities and clinical findings did not support this opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific and legitimate reasons that are supported by substantial evidence in order to reject the contradicted opinion of a treating physician).

The Commissioner's determination at Step Two in the sequential evaluation process is supported by substantial evidence. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). The ALJ properly relied on the absence of record medical evidence sufficient to support a determination that Maestas's depression, anxiety disorder, impulse control disorder, obsessive-compulsive disorder, and post-traumatic stress disorder, considered singly and in combination, did not cause more than minimal limitation in Maestas's ability to perform basic mental work activities. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("[W]e must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established

3                                    14-35956

that [the claimant] did not have a medically severe impairment or combination of impairments.").

The ALJ included in the residual functional capacity ("RFC") assessment all the limitations that were supported by, and consistent with, substantial record evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the functional limitations identified by the ALJ in the RFC for light work with limitations, and in the alternative for sedentary work, were supported by the medical evidence that the ALJ credited, there was no harmful error at Steps Four or Five of the sequential evaluation process. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (explaining that the limitations included in the hypothetical propounded to a vocational expert need only be supported by substantial record evidence).

The new evidence that the Appeals Council considered does not change that fact that substantial evidence supports the ALJ's decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60, 1162-66 (9th Cir. 2012) ("[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.")

14-35956

**AFFIRMED.**