172 F.3d 1111
 61 Soc.Sec.Rep.Ser. 481, Unempl.Ins.Rep. (CCH) P 16160B,
99 Cal. Daily Op. Serv. 2482,
1999 Daily Journal D.A.R. 3251,
1999 Daily Journal D.A.R. 6305
Bertha MEANEL, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Defendant-Appellee.
 No. 97-55827
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 2, 1999.
Decided April 5, 1999.
 
 Lawrence D. Rohlfing, Santa Fe Springs, California, for plaintiff-appellant.
 Leo R. Montenegro, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for defendant-appellee.
 Appeal from the United States District Court for the Central District of California; Robert N. Block, Magistrate Judge, Presiding. D.C. No. CV-96-06394-RNB.
 Before: D.W. NELSON, ALEX KOZINSKI, and TROTT, Circuit Judges.
 D.W. NELSON, Circuit Judge:
 
 
 1
 Bertha Meanel appeals the district court's grant of summary judgment upholding the Commissioner of Social Security's ("Commissioner") denial of disability insurance benefits. We affirm the district court.
 
 JURISDICTION
 
 2
 We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On April 13, 1993, Bertha Meanel filed an application for Supplemental Social Security Income benefits, complaining primarily of back pain. After the Commissioner denied her application, Meanel requested and received a hearing before an Administrative Law Judge ("ALJ"). In support of her claim for benefits, Meanel relied on the opinion of her treating osteopath, Dr. Manos. In a very brief letter dated May 16, 1995, Dr. Manos stated "Bertha Meanel is a long-term patient of this office who suffers from Chronic Pain from Cervical-Spine Arthritis, Lumbosacral Arthritis, and Fibromyalgia. Her pain causes decreased concentration skills. The medications to control her pain also causes [sic] decreased concentration skills." In addition, Dr. Manos submitted a physical capacities evaluation that explained the limits on Meanel's capability to work, including her ability to sit, stand, walk and reach. The evaluation concluded that in an eight-hour day, Meanel could sit for three hours total, stand for three hours total, and walk for two hours total.
 
 
 4
 Meanel, who said that she suffered from depression, was also examined by a psychiatrist, Dr. Aziz. Dr. Aziz concluded:
 
 
 5
 At this time, the patient's ability to relate and interact with coworkers and supervisors is not significantly impaired. The patient's ability to understand, remember, and carry out technical or complex ... [and] simple one or two step job instructions is not significantly impaired. The patient's ability to deal with the public is not significantly impaired. The patient's ability to maintain concentration and attention for two hour increments is not significantly impaired. The patient's ability to endure the stress of working an eight hour day is not significantly impaired.
 
 
 6
 On September 7, 1995, the ALJ denied Meanel's claim for benefits, concluding that Meanel was not disabled. Although the ALJ found that, in light of the restrictions on Meanel's abilities, she could not perform her past work, he identified two other occupations, surveillance systems monitor and fund raiser II, that Meanel could perform. Meanel appealed to the Social Security Appeals Council, but it determined that there was no basis for granting review. Meanel then sought review in the district court. The parties consented to proceed before Magistrate Judge Robert N. Block. Meanel moved for summary judgment, and the Commissioner filed a cross-motion for summary judgment. On April 1, 1997, Magistrate Block granted summary judgment to the Commissioner.
 
 STANDARD OF REVIEW
 
 7
 We review the district court's grant of summary judgment de novo. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). We may overturn the Commissioner's denial of benefits only if it is not supported by substantial evidence in the record or if it is based on legal error. See id. "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id.
 
 DISCUSSION
 
 8
 The claimant bears the burden of proving that she is disabled. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). She must present "complete and detailed objective medical reports of her condition from licensed medical professionals." See id. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)). In this case, the ALJ considered the opinions of two medical professionals, Dr. Manos and Dr. Aziz. Meanel claims that the ALJ erred in evaluating these doctors' opinions and in evaluating her own testimony. Meanel first asserts that the ALJ failed to articulate "clear and convincing" reasons for rejecting the opinion of Dr. Manos, Meanel's treating osteopath. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). The record demonstrates, however, that the ALJ accepted the vast majority of Dr. Manos' findings. To the extent that Dr. Manos' opinion conflicted with that of Dr. Aziz, it was "solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041. Here, the ALJ was certainly entitled to rely on Dr. Aziz' opinion. Dr. Manos' meager opinion provided no basis for concluding that Meanel was disabled. His statement was "conclusory and unsubstantiated by relevant medical documentation." Johnson, 60 F.3d at 1432. Despite numerous tests and X-rays, the record contains little objective evidence of an impairment that would lead to decreased concentration skills. Although Dr. Manos regularly noted Meanel's complaints about pain, he did not document any problem with concentration. Even his May 1995 letter failed to explain the extent or significance of Meanel's "decreased concentration skills." Dr. Manos' mere statement that Meanel experienced some diminution in her concentration skills falls short of an informed opinion that Meanel's pain and diminished concentration skills would significantly interfere with her ability to work.
 
 
 9
 Only Dr. Aziz made specific findings that were useful in the disability determination. Dr. Aziz concluded that Meanel could maintain concentration for two-hour periods and that she could endure an eight-hour workday. Moreover, Dr. Aziz's conclusions are consistent with Dr. Manos' physical capacities evaluation, in which he stated that Meanel could work an eight-hour day as long as she had the flexibility to sit, stand and walk to ease her back pain. Given the inadequacy of Dr. Manos' opinion, Dr. Aziz's specific findings, which indicated that any impairment was not significant, constitute substantial evidence supporting the ALJ's decision.
 
 
 10
 Second, Meanel argues that the ALJ erred in rejecting her complaints of excruciating pain. Meanel testified that she constantly experienced pain comparable to "being burned." In order to reject a claimant's testimony regarding the extent of her pain, we require an ALJ to provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (internal quotation marks and citation omitted). We find that the ALJ was entitled to reject Meanel's testimony regarding pain. First, the ALJ properly considered Dr. Manos' failure to prescribe, and Meanel's failure to request, any serious medical treatment for this supposedly excruciating pain. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc) ("unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is a relevant factor in assessing credibility of pain testimony) (internal quotation marks omitted). Meanel's claim that she experienced pain approaching the highest level imaginable was inconsistent with the "minimal, conservative treatment" that she received. Meanel made no attempt to explain this discrepancy either in her briefs or at oral argument.
 
 
 11
 Meanel's testimony also was not consistent with her own treating osteopath's findings. Meanel testified that she experienced constant pain that required her to lie in a fetal position all day and precluded her from performing virtually any type of work. Dr. Manos, however, found that she could work an eight-hour day as long as she had the flexibility to sit, stand or walk as necessary to ease her back pain. In addition, the ALJ noted that Meanel did not exhibit muscular atrophy or any other physical signs of an inactive, totally incapacitated individual.
 
 
 12
 Meanel next argues that the ALJ failed to identify an occupation that Meanel can perform. The Commissioner must "identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." Johnson, 60 F.3d at 1432. The ALJ identified two occupations, surveillance systems monitor and fund raiser II. Meanel claims that she cannot perform the occupation of surveillance systems monitor because the vocational expert ("VE") found that this occupation requires six hours of walking and/or standing, and Dr. Manos determined that Meanel can only walk and/or stand for five hours in an eight-hour day. Meanel misapprehends the VE's findings. The VE found that a surveillance systems monitor is generally required to sit for two hours. This requirement does not preclude Meanel from sitting longer if necessary to ease her back pain, nor does it imply that she must spend six hours walking and/or standing.
 
 
 13
 Even if she can perform the surveillance systems monitor position, Meanel asserts that there is an insufficient number of these jobs in the local area. Meanel relies on new statistics that she admittedly failed to raise at both her hearing before the ALJ and the Appeals Council. We have held that appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court. See Avol v. Secretary of Health & Human Serv., 883 F.2d 659, 660 (9th Cir.1989). Meanel attempts to evade this well-established rule by claiming that Avol involved Medicare benefits and that this Circuit has never published an opinion applying the waiver rule in a Social Security benefits case. Meanel argues that it would be unfair to apply the waiver rule in her case because disability benefits hearings are non-adversarial in nature. This fairness argument might be more persuasive if Meanel had not been represented by counsel. Yet she was represented by counsel who knew that all relevant evidence should have been brought to the ALJ's attention. We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. The ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE. We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice, which will not occur here.
 
 
 14
 Based on the evidence that was before the ALJ, the ALJ properly concluded that there was a significant number of surveillance systems monitor jobs in the local area. Relying on the VE's testimony, the ALJ found that there were between 1,000 and 1,500 surveillance systems monitor jobs in the local area. In Barker v. Secretary of Health & Human Serv., 882 F.2d 1474, 1479 (9th Cir.1989), we held that a comparable number, 1,266, was a significant number. Thus, we need not address Meanel's arguments regarding the additional occupation of fund raiser II.
 
 CONCLUSION
 
 15
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 16
 AFFIRMED.