**Charles Ron WILLIAMS,**
**Plaintiff—Appellant,**

v.

**William A. HALTER, Acting Commissioner of Social Security; Jo Anne B. Barnhart, Commissioner of Social Security, Defendants—Appellees.**

No. 01–35302.
D.C. No. CV–00–06150–GMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 1, 2002.

936

Before GOODWIN, T.G. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Charles Williams appeals the district court's judgment affirming the Commissioner's decision to deny his application for disability insurance benefits. On May 29, 1996, Williams filed an application for disability insurance benefits, alleging disability beginning in May 1986 due to post-traumatic stress disorder, depression and anxiety. Following a July 1998 Social Security Administration hearing, an administrative law judge (ALJ) determined that the relevant adjudication period for Williams's application was from April 19, 1988 to March 31, 1992. Based on testimony by a vocational expert (VE) and documentary evidence submitted by several physicians, the ALJ found Williams not disabled during the relevant adjudication period because the VE testified that Williams could perform several jobs that exist in significant numbers in the national and state economies. Having carefully considered the record, we affirm.

"We review de novo the district court's order affirming the Commissioner's denial of benefits. The Commissioner's decision

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of Social Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999) (citations and internal quotation marks omitted).

▋ Williams first argues that the ALJ improperly rejected Williams's testimony. The ALJ found Williams to be "less than fully credible," and found "his recollection as to his condition at his date last insured [to be] faulty." This court gives special deference to the ALJ's credibility determinations when they are adequately supported by specific findings. *Flaten v. Secretary of Health & Human Services,* 44 F.3d 1453, 1464 (9th Cir.1995) (citations omitted). Here, the ALJ's adverse credibility determination was adequately supported by her findings of inconsistencies between Williams's testimony and other evidence.

▋ Williams also challenges the ALJ's interpretation of evidence produced by Dr. Carter, Williams's treating physician. Dr. Carter was Williams's treating physician during the entire adjudication period. Williams was also examined, but not treated, by two other physicians during the adjudication period for purposes of Williams's workers' compensation claim. Dr. Carter did not personally testify at the administrative hearing. Rather, Williams submitted three letters written in 1996 by Dr. Carter for the purpose of Williams's claim for disability insurance benefits. In one of these 1996 letters, Dr. Carter stated that Williams was not able to engage in any regular remunerative work during the period from 1986 until 1996. Dr. Carter

also performed psychiatric assessments of Williams in 1997 and 1998, and indicated that Williams's impairments were severe enough to qualify him as disabled under the Social Security Act. In addition, the ALJ reviewed Dr. Carter's contemporaneous clinical notes from his treatment of Williams during the adjudication period.

The ALJ did not give full credence to Dr. Carter's 1996 letters and his 1997 and 1998 psychiatric assessments. The ALJ found those more recent opinions to be contradicted by Dr. Carter's records reflecting his contemporaneous clinical observations and documenting Williams's subjective statements during the adjudication period. The ALJ also found Dr. Carter's opinion that Williams was disabled during the entire period from 1986 until 1996 to be contradicted by the opinions of the two examining physicians, and by the Commissioner's 1988 decision that Williams was not disabled.

We uphold the ALJ's findings because they are supported by substantial evidence in the record. *See Morgan,* 169 F.3d at 599. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of a doctors who do not treat the claimant. At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons. We have also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions. Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995). Here, the ALJ gave "clear and convincing" reasons for rejecting Dr. Carter's opinions and ultimate conclusions.

Williams also contends that the ALJ's vocational hypothetical was legally inadequate. A vocational hypothetical must set forth all the limitations and restrictions of a particular claimant. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989). Williams alleges that his hypothetical was legally deficient because it failed to incorporate (a) the limitations assessed by Dr. Carter, (b) the limitations alleged by Williams, and (c) the limitations found to exist by the ALJ. Therefore, Williams argues, the VE's testimony is of no evidentiary value. We hold that because the ALJ properly discounted Williams's testimony and the more recent documents prepared by Dr. Carter, there was no error in excluding the limitations alleged by Williams and Dr. Carter.

Williams also alleges that the ALJ's vocational hypothetical did not reflect the ALJ's own findings that Williams "often" had "[d]eficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere)." In her vocational hypothetical to the VE, the ALJ specified: "This individual would be limited to medium work and would need to have jobs that were unskilled or semi-skilled due to difficulties with concentration and attention. He should also have limited contact with the general public." We hold that the hypothetical presented to the VE adequately reflects the limitations found by the ALJ.

Finally, Williams alleges that the ALJ mischaracterized the jobs that she found Williams capable of performing. The VE testified that, based on the ALJ's vocational hypothetical, Williams would be able to perform four jobs. Williams claims that two of the jobs identified by the VE are in fact semi-skilled jobs for which he is not qualified, according to the Dictionary of Occupational Titles. We not need resolve whether Williams is qualified for all four jobs, however, because the remaining jobs proposed by the VE—those not challenged by Williams—each exist in "significant" number in the local economy. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.1999) (the existence of between 1,000 and 1,500 jobs in the local area is a "significant" number) (citing *Barker v. Secretary of Health & Human Serv.*, 882 F.2d 1474, 1479 (9th Cir.1989) (1,266 was a "significant number")).

AFFIRMED.