Maha J. NAZZAL, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 07–56550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed March 3, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lawrence D. Rohlfing, Esquire, Brian C. Shapiro, Esquire, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Marcus Kerner, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Leo Rufino Montenegro, Assistant Regional Counsel, SSA-Social Security Administration, Office of the General Counsel, San Francisco, CA, United States Attorney, Esquire, USLA-Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: KLEINFELD, BEA, and IKUTA, Circuit Judges.

MEMORANDUM *

The Administrative Law Judge ("ALJ") erred by failing to provide "specific and legitimate reasons supported by substantial evidence in the record" for crediting the opinion of Dr. DeBolt, a neurologist who did not examine Maha Nazzal, over the opinions of Nazzal's examining physicians, rheumatologists Dr. Bluestone and Dr. Salick, both of whom diagnosed Nazzal with fibromyalgia, a condition within their area of specialty. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996) (internal quotation marks omitted); *see also* 20 C.F.R. § 416.927(d)(5); *Benecke v. Barnhart,* 379 F.3d 587, 594 n. 4 (9th Cir.2004). The ALJ also erred "by effectively requiring objective evidence for a disease that eludes such measurement": fibromyalgia. *Benecke,* 379 F.3d at 594 (internal quotation marks and alteration omitted). Finally, the ALJ erred when he mischaracterized Nazzal's testimony

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and failed to provide "clear and convincing" reasons for finding Nazzal's testimony not credible. *Lester*, 81 F.3d at 834.

■ Because the ALJ did not provide "legally sufficient reasons" for disregarding the opinions of Dr. Bluestone and Dr. Salick, we credit their opinions as true. *Benecke*, 379 F.3d at 594. Therefore, the record demonstrates that Nazzal cannot return to her previous job as a claims processor. We reverse the ALJ's decision and remand for further administrative proceedings to allow the ALJ to determine whether Nazzal is able to do any other work "considering [her] residual functional capacity[,] ... age, education, and work experience" and whether such work "exist[s] in significant numbers in the national economy." *See* 20 C.F.R. § 404.1560(c)(1); *see also id.* § 404.1520(a)(4)(v).

**Reversed and remanded.**

KLEINFELD, J., dissenting:

I respectfully dissent.

For all mental and physical impairments we recognize that the symptoms a patient reports can be exaggerated or false, and give substantial deference to the ALJ's decision of whether to credit them as true. *See* Soc. Sec. Ruling 96–7p; *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996). A diagnosis of fibromyalgia cannot automatically be beyond challenge. A fibromyalgia diagnosis is based entirely on the patient's subjective reports of pain. *See* Am. Coll. of Rheumatology, Fibromyalgia Diagnostic Criteria, http://www.nfra.net/Diagnost.htm. The opinions of Nazzal's examining physicians relied upon what Nazzal told them. Though such reliance is quite proper for physicians whose task is to heal, the patient's claims cannot be conclusive for those whose task is to determine who must pay. That physicians are specialists in rheumatology does not make them specialists in assessing credibility; their medical opinions can be no better than the data provided to them by their patient. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008). The ALJ gave specific and legitimate reasons for finding Nazzal not credible, and her lack of credibility necessarily undermines their diagnosis. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.1999); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989).

The ALJ found Nazzal's subjective complaints of severe pain not credible based on her daily activities, and her failure to attend physical therapy or take the medications prescribed to her. These are specific and legitimate reasons. *See* Soc. Sec. Ruling 96–7p; *see also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995). Substantial evidence supports the ALJ's conclusion that Nazzal's reported levels of pain—an 8 or 9 out of 10, bedridden much of the time,—is inconsistent with cooking large family meals, doing housework, helping her children with homework, going to church, shopping, and taking walks, which she did. When a disease produces no objective evidence, diagnosis depends on the patient's symptom reports, and where secondary gain is likely, daily activities are an especially useful indicator. *See* Soc. Sec. Ruling 96–7p; *Smolen*, 80 F.3d at 1284 & n. 7; *Fair*, 885 F.2d at 603–04; *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991) (en banc). Nazzal's failure to seek treatment or even a diagnosis for years—until she filed a worker's compensation claim—is inconsistent with experiencing the highest levels of pain imaginable. *See Tommasetti*, 533 F.3d at 1039–40; *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir.1999); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir.1995). Even when she was finally diagnosed, Dr. Bluestone did not agree that her self-reported limitations would prevent her from working. He opined that Nazzal could work part-time, and could work full-time in six months.

Because the ALJ did provide clear and convincing reasons for rejecting Nazzal's testimony and the examining physicians' opinions, I would affirm.