Kevin M. HOWARD, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security, Defendant—
Appellee.

No. 08–35229.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2009.*

Filed May 14, 2009.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

David B. Lowry, Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

David M. Blume, Assistant Regional Counsel, Nancy Albert Mishalanie, SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

MEMORANDUM **

Kevin Howard appeals the district court's decision affirming the denial of his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–34, 1381–83f.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

▮ Howard argues that the ALJ failed to comply with the district court's remand order by failing to order a consultative exam or to require a medical expert to testify with respect to his possible thrombus. More generally, Howard argues that the ALJ erred by failing to develop the record with respect to his possible thrombus. We disagree. The district judge ordered the ALJ to address only Howard's possible thrombus and to clarify ambiguities in the record, which the ALJ did. The May 2001 MRA exam showed no thrombus, according to several doctors. Although Dr. Zivin's July 2001 report could have been interpreted as again raising the possibility of a thrombus diagnosis, the ALJ gave clear and specific reasons for discrediting it. We hold that the ALJ sufficiently developed the record with respect to Howard's possible thrombus and that substantial evidence supports the ALJ's finding that there was no thrombus.

▮ Howard argues that the ALJ erred in determining his residual functional capacity by failing to account for the postural and environmental limitations identified by non-examining physicians. We disagree. The non-examining physicians' reports were based on the assumption that Howard had an aneurism or a thrombus, but substantial evidence shows that he has neither. The ALJ's determination was consistent with the reports of Dr. Waller and Dr. Cha, examining physicians who released and encouraged Howard to work. The ALJ properly gave more weight to the examining doctors' opinions than to the non-examining doctors' reports. *See Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir.2007).

▮ Howard argues that the ALJ erred in rejecting the lay witness testimony. Again, we disagree. The ALJ reject-ed the lay witness testimony because it was inconsistent with the medical record. "One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel,* 236 F.3d 503 (9th Cir.2001). Even if some of the lay testimony regarding depression is consistent with the medical record, Howard did not argue before the ALJ that he was disabled as a result of his depression, and we therefore consider the argument waived. *See Meanel v. Apfel,* 172 F.3d 1111, 1115 (9th Cir.1999).

Howard argues that the ALJ erroneously made his own medical diagnosis by suggesting that Howard's symptoms were consistent with those of a drug user. Even if the ALJ erred in this respect, Howard fails to show how this caused harm. The ALJ made the disputed statements in the context of rejecting the lay testimony. He rejected that testimony because it was inconsistent with Howard's medical record, not because it was consistent with the behavior of a drug user.

▮ Howard argues that the ALJ's hypothetical questions to the vocational expert ("VE") were inadequate. An ALJ must include all limitations supported by substantial evidence in a hypothetical question to a VE. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005). The only limitation that substantial evidence arguably supports and that the ALJ failed to include in his hypothetical questions is depression. However, as noted above, Howard waived any claim he may have had on this issue. Howard's attorney had two opportunities to pose his own hypothetical questions to the VE, and he never mentioned depression as a limitation.

▮ Howard argues that the VE's testimony regarding the number of jobs available in the national and regional economies for a person of Howard's skill set and

limitations lacked a foundation and was therefore inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). This argument is foreclosed by *Bayliss,* 427 F.3d at 1218 ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

■ Finally, Howard argues that the ALJ erred in failing to address the letters he submitted from the U.S. Department of Labor's Bureau of Labor Statistics, the U.S. Census Bureau, and the Oregon Employment Department establishing that none of these agencies gathers the precise information with respect to the availability of jobs to which the VE testified and on which the ALJ and magistrate judge relied. We disagree. An ALJ "must explain why significant, probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir.1984) (internal quotation marks omitted). The letters submitted by Howard did not provide "significant probative evidence" regarding how many jobs were available in the local and national economies. The ALJ properly relied on the VE's testimony for that information.

**AFFIRMED.**