**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY L. PHILLIPS, | No. 13-36071 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00453-BAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted January 13, 2015[**]

Before:     LEAVY, GRABER, and OWENS, Circuit Judges.

Gary Phillips appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Phillips contends that when the administrative law judge ("ALJ") determined that Phillips had engaged in substantial gainful activity between June 2010 and May 2011, the ALJ failed to consider whether Phillips's impairment-related work expenses should have been deducted from his earnings. This issue was waived by Phillips's failure to raise it at the administrative level when he was represented by counsel, and Phillips has not demonstrated manifest injustice excusing the failure. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal[,]" and failure to comply with this rule is excused only "when necessary to avoid a manifest injustice").

The ALJ reasonably concluded that (1) Phillips's work from June 2010 until May 2011 demonstrated his ability to perform substantial gainful activity, and (2) after Phillips stopped working in May 2011, he had the residual functional capacity ("RFC") to continue working within the limits identified in the RFC determination. *See Molina*, 674 F.3d at 1111 (ALJ's findings are upheld if they are supported by inferences reasonably drawn from the record).

Contrary to Phillips's contention, the ALJ accommodated all of Phillips's limitations in the RFC assessment and also in the hypothetical questions to the vocational expert. The ALJ's determination that Phillips could perform work that involved "simple, routine and repetitive tasks," with "superficial contact with the general public and coworkers," and a "low-stress environment" was consistent with the restrictions identified by the examining psychologists. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."). Moreover, the RFC determination and associated hypothetical questions posed to the vocational expert "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**