**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRIE A. SMITH, | No.    15-35602 |
| Plaintiff-Appellant, | D.C. No. 9:14-cv-00180-JCL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted December 12, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Carrie Smith appeals the district court's decision affirming the

Commissioner of Social Security's denial of Smith's application for supplemental

security income disability benefits under Title XVI of the Social Security Act.  We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Substantial evidence supports the ALJ's conclusion that Smith does not meet any listings at step three. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (explaining that this court must defer to the ALJ when substantial evidence supports the ALJ's findings). The ALJ properly evaluated the relevant evidence before concluding that Smith does not meet or equal a listing, and the ALJ was not required to discuss every piece of medical evidence. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (noting that the ALJ does not need to discuss evidence that is neither significant nor probative); *Lewis v. Apfel*, 236 F.3d 503, 512–13 (9th Cir. 2001) (requiring the ALJ to evaluate the relevant evidence before concluding that a claimant does not meet or equal a listing). The ALJ properly incorporated the Psychiatric Review Technique Form's (PRTF) mode of analysis. *See Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 725–26 (9th Cir. 2011) (concluding that the ALJ does not err by incorporating the PRTF's mode of analysis into the opinion without completing the actual PRTF). The ALJ did not err in summarily stating his conclusion that Smith's impairments did not medically equal any listing because Smith did not present medical evidence showing that her mental impairments medically equaled any listing. *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013) (requiring an ALJ to engage in an

15-35602

equivalency determination only when the claimant presents evidence in an effort to establish equivalence).

The ALJ did not err by not providing reasons to reject Dr. Ashcraft's letter because the letter contained no opinions as to Smith's functional limitations. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that the ALJ did not err by not providing reasons to reject a treating physician's report when that report contained no functional limitations).

The ALJ properly gave little weight to Dr. Schroeder's opinion because it failed to provide specific functional limitations and relied on Smith's self-reports. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that a treating physician's reliance on a claimant's self-reports is a specific and legitimate reason to reject the treating physician's opinion); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (concluding that the ALJ was not required to provide reasoning to reject a treating physician's opinion when that opinion did not contain any specific functional limitations and the ALJ relied on an examining physician's opinion with specific functional limitations).

The ALJ provided clear and convincing reasons to give less than full weight to Smith's testimony regarding the severity of her symptoms: her daily activities were inconsistent with her testimony, and there was a lack of objective medical evidence supporting her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

2007) (noting that an ALJ can properly rely on a claimant's daily activities that are inconsistent with the claimant's testimony to discredit the testimony); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that the ALJ cannot rely on a lack of objective evidence alone but can include it as one factor to discredit claimant testimony regarding the severity of symptoms). Nothing in the record triggered the ALJ's duty to develop the record. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (internal quotation marks and citation omitted) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Substantial evidence supports the ALJ's determination of Smith's residual functional capacity. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (concluding that this Court must defer to the ALJ when substantial evidence supports the ALJ's determination of specific functional limitations based on the medical evidence). Substantial evidence supports the hypothetical that the ALJ posed to the VE because the hypothetical included all the limitations that the ALJ found supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**