NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT GABRIEL HOLDEN,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No. 16-16622

D.C. No. 3:15-cv-05016-SK

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,** District
Judge.

Scott Gabriel Holden appeals the denial of his application for Disability

Insurance Benefits and Supplemental Security Income. Holden challenges only the

Magistrate Judge's holding that the Administrative Law Judge (ALJ) did not err in

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

accepting the testimony of the vocational expert without *sua sponte* checking whether the expert's testimony conflicted with the Occupational Outlook Handbook (OOH) published by the Bureau of Labor Statistics.  We review *de novo* a decision upholding the denial of Social Security benefits.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  We affirm.

In March 2012, Holden applied for social security benefits.  His claim was at first rejected, but eventually he received a hearing before an ALJ on March 24, 2014.  Holden was present at the hearing, as was his non-attorney representative, Dan McCaskell.  At the hearing, vocational expert Howard J. Goldfarb testified. The vocational expert stated that his testimony was consistent with information in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations.  Holden and his representative had no questions for the vocational expert.

In the decision following the hearing, the ALJ found that Holden was not disabled under the relevant statute.  After proceeding through the first four steps of the analysis, the ALJ found at step five that Holden's residual functional capacity let him perform a significant number of jobs available in the national economy. Based on the testimony of the vocational expert, the ALJ specifically identified three representative jobs that Holden could perform.  Because those three jobs

represented a significant number of jobs in the national economy, the ALJ determined that Holden was not entitled to disability benefits.

On appeal, Holden contends that the ALJ committed legal error in not addressing a conflict between the OOH and the vocational expert's testimony regarding the number of jobs available in the national economy, even though Holden did not raise this conflict to the ALJ.

As we recently held in *Shaibi v. Berryhill*, an ALJ has no obligation to *sua sponte* take judicial notice of the OOH. 883 F.3d 1102, 1109 (9th Cir. 2017) *as amended* (Feb. 28, 2018). "Our precedent holds, instead, that an ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy, and need not inquire *sua sponte* into the foundation for the expert's opinion." *Id.* at 1109–10 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995)). We conclude that there was no error in the ALJ's decision to rely on the vocational expert's testimony without consulting the OOH.

Holden argues in his supplemental briefing that he should be allowed to raise a challenge to the ALJ's decision for the first time on appeal in the absence of any error by the ALJ because he—unlike the appellant in *Shaibi*—was not represented by an attorney. But we deem that argument to have been waived because it was not raised to the district court or in Holden's opening brief. *See*

3

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We have previously stated that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Holden, therefore, could have argued in his opening brief and before the district court that he was entitled to raise this challenge on appeal because he did not have an attorney at the administrative hearing, even though the ALJ made no error and Holden did not offer the OOH during the hearing. Because Holden did not do so, we hold that that argument was waived and so do not reach it.

**AFFIRMED.**