**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREN SUTHERLAND,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-35717

D.C. No. 2:17-cv-00302-JTR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Argued and Submitted October 25, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

An Administrative Law Judge ("ALJ") denied Karen Sutherland's

application for disability insurance benefits after finding that Ms. Sutherland

(1) lacked "deficits in adaptive functioning" manifested during the developmental

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

period as is necessary to meet the criteria for "intellectual disability" in Listing 12.05(C), and (2) could perform both past relevant work and other work that exists in significant numbers in the national economy despite any illiteracy. We affirm.

The ALJ had substantial evidence to conclude that Ms. Sutherland did not have the "deficits in adaptive functioning" necessary to meet Listing 12.05(C). *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05(C) (2016) ("Listing 12.05(C)")). Although an examining physician diagnosed Ms. Sutherland with a condition that in part requires concluding that Ms. Sutherland had such deficits that manifested during the developmental period, the ALJ permissibly rejected that diagnosis based on medical expert testimony more consistent with medical evidence in the record, which concluded that Ms. Sutherland does not have deficits in adaptive functioning that initially manifested during the developmental period. Ms. Sutherland thus failed to meet her burden of showing that she suffered from the requisite innate deficits necessary to meet the criteria of Listing 12.05(C).

The ALJ also reasonably concluded that Ms. Sutherland could find work that exists in significant numbers in the national economy despite her limitations. Ms. Sutherland's principal dispute with the ALJ's determination on this point is that the ALJ erred in relying on an impartial vocational expert's testimony that Ms. Sutherland could perform various jobs despite her illiteracy. Specifically,

Ms. Sutherland argues that the ALJ failed to resolve a conflict between the vocational expert's testimony that Ms. Sutherland could perform jobs in various occupational fields despite her illiteracy and the literacy requirements for those occupational fields described in the *Dictionary of Occupational Titles* ("*Dictionary*"). *See Pinto v. Massanari*, 249 F.3d 840, 846–47 (9th Cir. 2001). We conclude, however, that there was no conflict between the *Dictionary* and the vocational expert's testimony, at least with respect to testimony that Ms. Sutherland could find jobs in the "laundry worker" occupation. As we have explained before, the *Dictionary* refers to "occupations," and not specific jobs. *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). The *Dictionary* thus describes "maximum requirements" of jobs as "generally performed," and not what every job within that occupational field requires. *Id.* (quoting SSR 00-4P, 2000 WL 1898704, at *2–3). Here, the vocational expert testified that some, but not all, jobs that fall within the relevant occupational category of "laundry worker" require literacy. That is not an "obvious or apparent" conflict with the *Dictionary*'s requirements for the relevant laundry worker occupation, which says almost

3

nothing about literacy. *Id.* at 808; *see also* DICOT 361.685-018, 1991 WL 672987.[1]

Ms. Sutherland's remaining arguments on appeal are unpersuasive. For one, Ms. Sutherland argues that the ALJ erred in concluding that Ms. Sutherland's undiagnosed speech and neurological impairments did not warrant additional restrictions in her residual functional capacity ("RFC") determination. Contrary to Ms. Sutherland's contentions, however, the ALJ analyzed Ms. Sutherland's neurological symptoms and relied on reasonable medical expert testimony to conclude that they were not "medically determinable impairments." And although the ALJ did not separately discuss whether Ms. Sutherland's speech problems were a medically determinable impairment, the ALJ's RFC determination included all speech-based limitations supported by the record. Ms. Sutherland does not identify any further limitation that the ALJ failed to consider.

Finally, Ms. Sutherland argues that the ALJ erred in finding that she could return to her past employments because her prior jobs were purportedly "sheltered" work not performed at national standards. For reasons discussed above, even if the

---

[1] Any failure to reconcile conflicts between the vocational expert's testimony and the *Dictionary* with respect to other occupations was harmless error, which does not warrant reversal. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

ALJ erred in concluding that Ms. Sutherland could return to her past employments, that error was harmless because the ALJ reasonably concluded that Ms. Sutherland has the residual functioning capacity to work as a laundry worker. Ms. Sutherland also failed to preserve her argument that her prior jobs were sheltered by not raising it before the ALJ. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

AFFIRMED.