NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRYSTAL D. KREMLINGSON,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 19-15286

D.C. No. 2:17-cv-02291-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted March 26, 2020[**]
San Francisco, California

Before:  WALLACE, GRABER, and COLLINS, Circuit Judges.

Crystal Kremlingson appeals from the district court's order affirming the

decision of the Commissioner of Social Security denying her claim for Disability

Insurance Benefits and Supplemental Security Income under the Social Security

Act.  We affirm.

1.  Kremlingson forfeited her challenge to the determination of the

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument.  See FED. R. APP. P. 34(a)(2).

administrative law judge ("ALJ") that she can perform the job of electrical accessories assembler. On appeal, Kremlingson's sole argument is that the ALJ erred by failing to resolve a purported conflict between the vocational expert's testimony and the Bureau of Labor Statistics' Occupational Outlook Handbook. Kremlingson, however, did not raise this argument before the ALJ or the Appeals Council. Generally, where (as here) "claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Where a represented claimant fails to raise an issue before both the ALJ and the Appeals Council, the claimant forfeits the argument. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Kremlingson contends that, because the Handbook is subject to administrative notice under 20 C.F.R. § 404.1566(d), the ALJ had to consider the Handbook *sua sponte*. We rejected that precise argument in *Shaibi*. 883 F.3d at 1109–10 & n.6. That *Shaibi* did so in the context of considering the number of jobs in the economy rather than ability to perform particular jobs does not distinguish its reasoning or its holding. *Id*.

A claimant's forfeiture of an issue will be excused only when necessary to avoid a manifest injustice. *Meanel*, 172 F.3d at 1115. Kremlingson has made no such showing. Accordingly, Kremlingson has forfeited any challenge to the ALJ's

determination that she can perform the job of electrical accessories assembler.

2. Because the job of electrical accessories assembler exists in sufficient numbers in the national economy (as discussed below), we need not address the additional holdings that Kremlingson can perform the jobs of "bakery worker, conveyor line" or "mail clerk." Any error in those holdings is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

3. We reject Kremlingson's challenge to the vocational expert's testimony regarding the number of jobs available in the relevant occupation. Before the agency, Kremlingson failed to support that challenge with any expert analysis or declaration. Instead, Kremlingson provided to the Appeals Council only her lay interpretation of various numbers she found online and of the vocational expert's data. Her data and analysis here are insufficient to preclude the agency from relying on the vocational expert's testimony. *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1047, 1052 (9th Cir. 2017) (remand required where there was a "vast discrepancy" between competing job numbers drawn "presumably from the same source" and "allegedly using the same software program"). Therefore, the vocational expert's testimony in this case constitutes substantial evidence for the agency's determination regarding job availability. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**