**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALBERTO GONZALEZ, Jr., | No. 18-55220 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05402-E |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Charles F. Eick, Magistrate Judge, Presiding

Submitted January 11, 2021**

Before: GOODWIN, CANBY, and LEAVY, Circuit Judges.

Carlos Alberto Gonzalez, Jr., appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Gonzalez argues on appeal that the administrative law judge ("ALJ") erred in relying on vocational expert testimony that allegedly conflicted with the Bureau of Labor Statistics' Occupational Outlook Handbook ("OOH"), and an associated publication called the Occupational Information Network ("O*Net").[1]

The ALJ held that Gozalez was able to perform the positions of production assembler and cleaner polisher, which existed in sufficient numbers in the economy. Gonzalez failed to raise the argument before the ALJ or the Appeals Council that this ruling was in apparent conflict with the OOH because of the educational or training requirements. Generally, where "claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to raise the claim before either the ALJ or the Appeals Council results in forfeiture of the argument. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Gonzalez contends that the ALJ had an obligation to consider the OOH *sua*

---

[1] The Commissioner conceded in the district court that the ALJ had erred in not resolving a conflict between Gonzalez's residual functional capacity for simple and routine tasks and the Dictionary of Occupational Titles' classification for a cashier position requiring a reasoning level of three. The district court properly ruled this error to be harmless because the vocational expert had identified two other positions that Gonzalez could perform. *See Shaibi v. Berryhill*, 833 F.3d 1102, 1110 n.7 (9th Cir. 2017).

*sponte* because the OOH is subject to administrative notice under 20 C.F.R. § 404.1566(d). This court rejected that argument in *Shaibi*, 883 F.3d at 1109-10 & n.6. The fact that *Shaibi* rejected the argument in the context of considering the number of jobs in the economy rather than the ability to perform particular jobs does not distinguish its reasoning or holding, which control here.

Forfeiture of an issue will be excused only when necessary to avoid a manifest injustice. *Meanel*, 172 F.3d at 1115. Gonzalez has not demonstrated a manifest injustice will result, and has forfeited his challenge to the ALJ's conclusion at Step 5 by failing to raise the challenge before the agency.

**AFFIRMED**.