NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY DEAN JACKSON, | No. 18-17442 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00165-GSA |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted April 6, 2021**

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

Rodney Jackson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g).  We review the district court's affirmance of the administrative law judge's ("ALJ") decision de novo and will reverse only if the ALJ's decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*.  We affirm the district court's judgment.

Substantial evidence supports the ALJ's finding that Jackson's testimony regarding his physical symptoms and limitations was "not entirely credible."  The ALJ performed the required two-step analysis and provided "specific, clear and convincing reasons" for her finding.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ properly relied on contradictions between the medical record, including an examining doctor's opinion, and Jackson's testimony about his back pain and limitations.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ also properly considered Jackson's course of treatment and failure to follow up with prescribed treatment.  *See Molina*, 674 F.3d at 1113–14 (ALJ may consider claimant's failure to seek treatment or to follow a prescribed course of treatment); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (subjective pain complaints properly discredited where claimant received "minimal" and "conservative" treatment).

**AFFIRMED.**