NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK RYAN, | No. 20-36116 |
| Plaintiff-Appellant, | Case. No. 3:19-cv-01526-BR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge

Submitted March 9, 2022**
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Patrick Ryan appeals the district court's order affirming the Commissioner of

Social Security's denial of disability insurance benefits. "We review the district

court's order affirming the [Administrative Law Judge]'s denial of social security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (simplified). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ryan's primary argument on appeal—that, due to a "change in time period," there is no substantial evidence to support the finding by the Administrative Law Judge ("ALJ") that Ryan could perform the past relevant work of shift manager or community worker—was not presented below and thus was forfeited. *See Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975) ("It is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below."); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). Prior to this appeal, Ryan argued that a change in the Program Operations Manual System relating to the evaluation of composite jobs constituted a material change in law, regulations, or rulings rebutting the presumption of nondisability established by Ryan's unsuccessful claim for disability benefits in 2013. Ryan now takes a different approach, arguing that evidence supporting the ALJ's findings of prior employment in 2013 was no longer

relevant to his 2017 proceeding.[1]  But because Ryan did not advance this argument before the district court or the ALJ, it is forfeited.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Meanel*, 172 F.3d at 1115.

Ryan acknowledges that he is making a new argument on appeal but nevertheless asks us not to apply the forfeiture rule.  He argues that this court excuses forfeiture "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed."  *Greger*, 464 F.3d at 973 (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)).  But Ryan's argument depends on an *absence* of evidence in the record, necessarily implying that the record has not been fully developed.  Accordingly, that forfeiture exception is inappropriate here.  Moreover, this court "will only excuse a failure to comply with [the forfeiture] rule when necessary to avoid a manifest injustice."  *Id.* (simplified); *see also Meanel*, 172 F.3d at 1115.  We

---

[1] At step four in the sequential evaluation process, the Commissioner of the Social Security Administration must determine whether the claimant is capable of performing his past relevant work, which is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. § 404.1520(a)(4)(iv); *see id.* § 404.1560(b)(1).  The 15-year period associated with Ryan's first claim for benefits ran from May 1998 to May 2013, while the period associated with Ryan's second claim ran from October 2000 to September 2015.  Ryan contends that his past relevant work of community worker and shift manager may have occurred within the first 15-year period, but not the second, *i.e.* after May 1998 but before October 2000.

think this is not the "exceptional case in which review is needed to prevent a miscarriage of justice." *Id.*

**AFFIRMED.**