**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JODY MARIE KISS,

                Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No. 20-15932

D.C. No. 2:19-cv-01307-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 19, 2022[**]
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,[***] District Judge.

    Jody Marie Kiss appeals the district court's judgment affirming the Social

Security Administration's denial of her application for disability insurance benefits

and supplemental security income under Titles II and XVI of the Social Security

Act. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

court's decision affirming the denial of benefits.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).  We may set aside such a denial only when the findings of the Administrative Law Judge ("ALJ") "are based on legal error or not supported by substantial evidence in the record."  *Id*.  We affirm.

An ALJ may discount a claimant's subjective testimony when, *inter alia*, that testimony is contradicted by the medical record, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); when the claimant reports symptoms in an inconsistent manner, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008); and when the record contains a lack of corroborating medical evidence, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  *See also* 20 C.F.R. § 404.1529(c)(3)–(4) (describing how an ALJ should evaluate evidence from medical and nonmedical sources in making a disability determination).

Here, the ALJ proffered specific, clear and convincing reasons to discount Kiss's subjective allegations as lacking corroboration and inconsistent with the medical record.  At the hearing, Kiss testified that she uses a walker due to hip and back pain, that she usually spends the day lying in bed, that she experiences head, back, shoulder, and hip pain "all the time," that she is never left alone, and that she has worsening anxiety and depression.  The ALJ found that Kiss's testimony about her symptoms was "not entirely consistent with the medical evidence and other evidence in the record," citing reports of spinal diagnostic examinations that

2

showed mild to moderate impairments.  The ALJ also cited reports from various medical providers that "typically noted normal objective examinations."  Despite Kiss's statement that she needed to use a walker, the ALJ noted that Kiss's "treating providers consistently noted . . . normal gait and sensation."  The ALJ also noted that Kiss's migraines improved with treatment and that, while her providers sometimes noted that she was anxious, her mental status examinations were in many respects "essentially normal."  Although some of the cited reports did reflect "abnormal" mood, we cannot say that the ALJ's overall assessment of the mental health record was erroneous.  The ALJ's conclusion that Kiss's subjective contentions were inconsistent with the medical evidence was based on a permissible reading of the record that we may not set aside.[1]

Kiss also argues that the ALJ erred in discounting a psychological evaluation prepared by consulting psychologist Natalie Hurd, in which Dr. Hurd found that Kiss struggled with memory, comprehending instructions, concentration, maintaining attention, and that she would likely struggle to maintain "socially appropriate behavior" and to "respond appropriately to changes" in the workplace. Because this evaluation is contradicted by other assessments in the record

---

[1] Any error in the ALJ's reliance on Kiss's asserted ability to travel "up a mountain" during a trip was harmless, because the ALJ provided ample other reasons for discounting her subjective allegations.  *See*, *e.g.*, *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("An error is harmless only if it is inconsequential to the ultimate nondisability determination.") (internal quotation omitted).

3

generally describing Kiss's mental capacity as "not significantly" and "moderately" limited, the ALJ "was required to give only 'specific and legitimate' reasons for rejecting the opinion." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). The ALJ did so, noting that this assessment was inconsistent with other evidence in the medical record.

In her opening brief, Kiss argues for the first time that the ALJ violated due process by conducting the hearing when Kiss was ill. Because Kiss, who was represented by counsel before the ALJ and the district court, did not raise this argument before the district court, the issue is forfeited. *See Ford*, 950 F.3d at 1158 n.12; *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

**AFFIRMED.**