NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MOJARRO, | No. 17-15624 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01692-BAM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted August 16, 2018**

Before:      TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Jose Mojarro appeals the district court's decision affirming the

Commissioner of Social Security's denial of Mojarro's application for social

security disability insurance benefits and supplemental security income under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ properly gave "significant weight" to examining physician Dr. Dozier's opinion because his opinion was based upon his clinical observations. Dr. Dozier was objective and thorough in his report, which was consistent with the record, including Mojarro's limited treatment and daily activities. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("when an examining physician provides independent clinical findings that differ from the findings of the treating physician, such findings are substantial evidence." (internal quotation marks and citations omitted)); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that "[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

The ALJ properly gave examining psychologist Dr. Hirokawa's opinion significant weight because it was consistent with his in-person examination. *See Orn*, 495 F.3d at 632.

The ALJ identified specific, clear, and convincing reasons that are supported by substantial evidence for discounting Mojarro's testimony regarding the debilitating effects of his symptoms, including: (1) his treatment was conservative

and minimal; (2) he had gaps in his treatment; (3) his allegations of neck and back pain were inconsistent with objective medical evidence; and (4) he stated that his medication has side effects, but notes in the record indicate that he had previously reported no side effects. *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (holding that conservative treatment justifies discounting a claimant's testimony regarding severity of impairment); *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (upholding the ALJ in discounting claimant's credibility due to lack of consistent treatment and a lack of supporting medical evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that the failure to explicitly address medication side effects is not an error where the claimant's alleged side effects were not supported by the record). The ALJ's erred in discrediting Mojarro's statements regarding his limitations and his daily activities; however, this error was harmless in light of the substantial evidence in the record supporting the ALJ's credibility determination. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

The ALJ gave a germane reason for giving little weight to Ms. Mojarro's statement because it was substantially similar to Mojarro's allegations that were found by the ALJ to not be credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Any error committed by the ALJ in discounting Mojarro's wife testimony because it did "not outweigh the accumulated medical

17-15624

evidence," and was based on "casual observation, rather than objective medical examination and testing," and was "potentially influenced by loyalties of family," were harmless given the similarity of her testimony to her husband's. *Id.*

The ALJ had a specific and legitimate reason to give no weight to Dr. Beezy's testimony because he based his opinion "largely" on Mojarro's less-than-credible testimony. An ALJ may discount a medical opinion if based "to a large extent" on claimant's self-reports that have been properly discredited. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted). The ALJ also properly discounted Dr. Beezy's testimony because Dr. Beezy relied on Mr. Nunez's reports, which the ALJ properly discounted because it was inconsistent with the medical treatment notes and Mojarro's reported activities of daily living. *Bayliss*, 427 F.3d at 1218.

The ALJ gave three specific and legitimate reasons for giving little to no weight to Dr. Alnahhal's opinion about Mojarro's physical ability. Dr. Alnahhal's opinion was unsupported by and inconsistent with the evidence of record, in particular his evaluation of Mojarro's bilateral hand limitations. Moreover, Dr. Alnahhal's diagnosis of a traumatic brain injury was not supported by any evidence of brain trauma. The MRI of Mojarro's brain administered shortly after his accident was "unremarkable." *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion

4                                    17-15624

is brief, conclusory, and inadequately supported by the clinical findings."). Second, the ALJ properly discounted Dr. Alnahhal's opinion of Mojarro's mental ability because he appeared to base his opinion "mainly" on Mojarro's subjective allegations, which were not entirely credible. *Bayliss*, 427 F3d at 1217. The ALJ also reasonably discounted Dr. Alnahhal's opined mental limitations by concluding that he was not a specialist in psychiatry. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Mojarro does not point to specific errors in the ALJ's assessment of the state agency reviewing doctors except by arguing that his treating physician should receive greater weight. This Court need not address this undeveloped argument. *Carmickle*, 533 F.3d at 1161 n.2.

The ALJ fulfilled his duty to develop the record by leaving the record open for Mojarro to submit additional evidence after the hearing. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Substantial evidence supports the ALJ's Step 5 finding that Mojarro could perform other work in the national economy. The ALJ's mistake in stating Mojarro's age was harmless because she applied the correct age category. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Mojarro waived his argument that he could not perform the jobs identified by the vocational expert (VE) due to his eyesight or hearing by failing to challenge this during the administrative

17-15624

proceeding. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109–10 (9th Cir. 2017); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Mojarro's speculation that counter clerk (photofinishing) jobs do not exist lacks merit because an ALJ is entitled to rely on the VE's testimony regarding the number of jobs available and Mojarro provides no basis for questioning the accuracy of the VE's testimony. *See Bayliss*, 427 F.3d at 1218.

**AFFIRMED.**