NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY A. HARRIS, | No. 16-35122 |
| Plaintiff-Appellant, | D.C. No. 6:14-cv-01821-MC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 18, 2018*

Before:    CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges

Kimberly A. Harris appeals the district court's decision affirming the

Commissioner of Social Security's denial of Harris's application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

487, 492 (9th Cir. 2015), and we affirm.

1.      The Administrative Law Judge ("ALJ") gave specific, clear and convincing reasons for discrediting Harris's testimony. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, Harris exaggerated her symptoms. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001). Second, the record indicated that Harris's symptoms improved with treatment. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (9th Cir. 2014). Third, the record contained evidence that Harris sought treatment in order to obtain benefits. *See Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010). Harris failed to challenge the ALJ's reliance on any of these reasons. Any error in relying on Harris's daily activities to discredit her testimony is harmless, because the ALJ provided several valid reasons for discrediting her testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

2.      Substantial evidence supports the ALJ's decision to reject Dr. Scott's opinion, because objective evidence from Dr. Scott's exam indicated that Harris over-reported symptoms. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (explaining that the ALJ may properly reject a medical opinion based on substantial evidence showing that the opinion relied on the claimant's unreliable self-reports). The ALJ also reasoned that Dr. Scott failed to explain adequately his conclusion that Harris could not complete a workday, and Dr. Scott's opinion was

unsupported by objective evidence. Harris fails to challenge these justifications. Any error at step three in failing to specifically discuss Dr. Scott's opinion regarding the potential for decompensation as to listing 12.04(C) was harmless, because the ALJ properly rejected Dr. Scott's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

3.      Substantial evidence supports the ALJ's decision to reject Dr. Roman's opinion. Because the ALJ properly discredited Harris's statements, the ALJ correctly concluded that Dr. Roman's opinion was undermined by her reliance on Harris's statements. *See Ghanim*, 763 F.3d at 1162.

4.      The ALJ did not err by failing to discuss various GAF scores, because the ALJ was not required to discuss evidence that was neither significant nor probative of Harris's functional limitations. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (noting that an ALJ need not discuss evidence that is neither significant nor probative); *Garrison*, 759 F.3d at 1002 n.4 (explaining that "GAF scores, standing alone, do not control determinations of whether a person's mental impairments rise to the level of a disability"). Because the GAF scale does not have a direct correlation to the severity requirements in the mental health listings and Harris's GAF scores were not accompanied by explanations of the scores' impact on Harris's functional limitations, the ALJ was not required to discuss the scores. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003);

16-35122

Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000).

5.     Because Harris was represented by counsel during the administrative proceedings, she waived any contention that the ALJ failed to consider Listing 12.05(C), Intellectual Disability, by failing to raise the issue before either the ALJ or the Appeals Council. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999))). For this same reason, we do not address Harris's argument that the ALJ failed to develop the record by ordering additional IQ testing.

     **AFFIRMED.**

16-35122