**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY BROOKS, | No.   18-35169 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01359-SI |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 26, 2019**

Before:  FARRIS, LEAVY,  and TROTT, Circuit Judges.

Gregory Brooks appeals the district court's decision affirming the

Commissioner of Social Security's denial of his applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. This court reviews the district court's order de novo, and may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

The Administrative Law Judge ("ALJ") provided specific, clear and convincing reasons for finding that Brooks' statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible. First, the ALJ reasonably concluded that the medical record did not support Brooks' claimed limitations. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that the ALJ may consider if there is a lack of medical evidence supporting claimant's allegations, but this factor cannot form the only basis for discounting subjective symptom testimony). Second, the ALJ reasonably found that Brooks' treatment was essentially conservative in nature, and that this was a basis for questioning the credibility of his allegations concerning the severity of his condition. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Third, the ALJ reasonably found that Brooks' daily activities were inconsistent with his claims of complete inability to perform work activity. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (holding that when weighing credibility, an ALJ may consider a claimant's daily activities).

The ALJ provided a germane reason for discounting the lay witness statement of Brooks' wife. Brooks' wife largely repeated his testimony that he spent much of his day laying down and needed help with most tasks. The ALJ reasonably concluded that this lay witness report was inconsistent with the medical evidence. *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that conflict with objective medical evidence is a germane reason to discount lay testimony). Moreover, the ALJ rejected similar subjective complaints made by Brooks as not credible. *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009) (holding that when a lay witness's testimony is similar to a discounted claimant's testimony, this is a germane reason for rejecting the lay witness testimony.)

The ALJ properly determined at step five of the sequential evaluation process that Brooks could perform the medium exertional level job of laundry worker, and, therefore, he could perform work that exists in significant numbers in the national economy. The Commissioner concedes that the ALJ erred in finding that Brooks could perform two of three medium level jobs, but the error is harmless because the ALJ properly found that Brooks could perform the job of laundry worker. *Meanel v. Apfel,* 172 F.3d 1111, 1115 (9th Cir. 1999). Brooks contends that the ALJ should have applied the applicable grid rule for light work, rather than applying the rule for medium work, as a framework for adjudication

18-35169

because the ALJ identified only one medium unskilled occupation that Brooks could perform. It is not "clear," however, that the occupational base for medium work was significantly eroded so as to warrant application of the lower grid rule for light work. SSR 83-14 at *3, *6. The ALJ reasonably relied on the vocational expert's testimony that Brooks could perform the medium exertion occupation of laundry worker in finding that Brooks could perform other work available in significant numbers in the national economy. *Burkhart v. Bowen*, 856 F.2d 1335, 1340-41 (9th Cir. 1988) (holding that when a claimant has significant nonexertional limitations the Commissioner cannot rely on the medical-vocational guidelines, but instead must consult a vocational expert). The vocational expert testified that there are 43,931 laundry worker jobs in the national economy, and this constitutes a "significant" number of jobs in the national economy. *See e.g. Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 jobs in the national economy was significant). Accordingly, substantial evidence supports the ALJ's conclusion that Brooks could perform jobs that exist in significant numbers in the national economy.

**AFFIRMED**.

18-35169