**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT W. BOYLAN, | No. 18-35391 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05504-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted July 6, 2020[**]
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SIMON,[***] District Judge.

Robert Boylan appeals the Commissioner's denial of his application for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

disability insurance benefits. We set aside a denial of such benefits only when an ALJ's decision is based on legal error or not supported by substantial evidence in the record. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Boylan complains that the ALJ only gave "some weight" to the opinion of his examining psychologist, Dr. Alexander Patterson. The ALJ justified this weight because Dr. Patterson's opinion was vague as to Boylan's exact functional limitations. It is true that Dr. Patterson qualified his opinion of Boylan's impairments by stating that they "may" or "appear[]" to limit Boylan's functions. *Cf. Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (describing a physician's opinion that the claimant experienced "*some* diminution in her concentration skills" as "fall[ing] short of an informed opinion"). And contrary to Boylan's assertions, the ALJ had no duty to develop vague evidence when the evidence in the record was adequate for the ALJ's proper evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record was replete with other medical evidence, including the opinions of three non-examining state agency physicians and Boylan's own testimony, which the ALJ used to assess his residual functional capacity ("RFC").

In any case, even if the ALJ erroneously discounted Dr. Patterson's findings, any error was harmless. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

2

2008). The ALJ concluded that Boylan's RFC reflected Dr. Patterson's reports of moderate impairments in Boylan's ability to interact with people and manage work stress due to anxiety. Substantial evidence supports the ALJ's conclusion since the RFC determination limited Boylan to simple tasks, only occasional interaction with the public, and no collaborative decision-making or teamwork. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (finding that the ALJ has the responsibility to translate and incorporate clinical findings into a succinct RFC).

2. Substantial evidence also supports the ALJ's decision to discount Boylan's Department of Veteran Affairs disability rating. An ALJ may disregard the VA's disability determination based on "persuasive, specific, [and] valid reasons." *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010). Here, the ALJ reasoned that Boylan's minimal treatment history and consistently normal mental status examinations cast doubt on the VA's disability rating. This is sufficient reason to reach an independent assessment of Boylan's disability rather than relying on the VA's determination.

3. Boylan also challenges the ALJ's consideration of the remaining medical evidence. Boylan takes issue with the ALJ's finding that none of his treatment providers placed any restrictions on him that indicate he suffers from permanent disabling physical and mental impairments. But Boylan concedes that

3

the ALJ's finding is true and fails to show how he was improperly prejudiced by the finding. Substantial evidence also supports the ALJ's decision to give "some weight" to the opinions of the three non-examining state agency physicians. While Boylan criticizes the ALJ for relying on the physicians' opinions since they did not review any evidence after October 2015, the ALJ specifically explained she considered new evidence as part of the RFC. Boylan does not show how any of this new evidence contradicts the ALJ's RFC determination. Moreover, nothing contradicts the ALJ's conclusion that the opinions of the non-examining physicians and Dr. Patterson were all consistent with the RFC.

4. Substantial evidence also supports the ALJ's specific, clear, and convincing reasons to discount Boylan's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) ("[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.") (simplified). The ALJ explained that Boylan's testimony regarding his physical and mental impairments conflicted with the medical evidence, his treatment history, and his activities of daily living. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). For example, the ALJ noted that no physical evaluation showed the atrophy that would necessarily result from Boylan's claim of staying in bed for the majority of the day. With regard to Boylan's claimed mental health impairments, the ALJ pointed out that Boylan received no treatment for nearly

4

three years after his alleged onset date and only minimal and conservative treatment, including no counseling, thereafter. Lastly, while Boylan correctly points out that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), the ALJ properly used the inconsistency between Boylan's claimed activities and his purported limitations to discredit his testimony.

5. Given that substantial evidence supports the ALJ's conclusions regarding the medical evidence and Boylan's testimony, we find no error in the RFC determination. *See Stubbs-Danielson*, 539 F.3d at 1175–76.

**AFFIRMED**.