NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES HOCKING,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-55112

D.C. No. 5:16-cv-02611-AS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Alka Sagar, Magistrate Judge, Presiding

Submitted December 30, 2020**

Before:    Goodwin, Canby, and Leavy, Circuit Judges.

Charles Hocking appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Hocking's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *see Berry v. Astrue*, 622 F.3d 1228,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1231 (9th Cir. 2010), and we affirm.

Hocking contends that the administrative law judge ("ALJ") failed to resolve a "facial conflict" between the Vocational Expert's ("VE") testimony and the Occupational Outlook Handbook ("OOH").  Hocking, who was represented by counsel, did not raise this argument before the ALJ, raising the issue of the conflict for the first time before the district court.  By failing to raise before the ALJ the issue that the VE's occupational-requirements opinion might be unreliable because it conflicted with the OOH data, Hocking forfeited his argument.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal").

Hocking contends that because the OOH is subject to administrative notice under 20 C.F.R. § 404.1566(d), the ALJ had to consider the OOH sua sponte.  We rejected this argument in *Shaibi v. Berryhill*, 883 F.3d at 1109-10 & n.6.  That *Shaibi* did so in the context of considering the number of jobs in the economy rather than training or educational requirements for particular jobs does not distinguish its reasoning or its holding.

A claimant's forfeiture of an issue will be excused only when necessary to avoid a manifest injustice.  *Meanel*, 172 F.3d at 1115.  Hocking has made no such

showing.

**AFFIRMED.**