**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGDALENA SHAPIRO, | No.   20-15505 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01411-DJA |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Daniel J. Albregts, Magistrate Judge, Presiding

Submitted January 13, 2021[**]
San Francisco, California

Before:  BEA and M. SMITH, Circuit Judges, and RESTANI,[***] Judge.

Plaintiff-Appellant Magdalena Shapiro (Shapiro), a 49-year-old woman

suffering from various medical impairments, appeals an order of the district court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

affirming the decision of the Commissioner of Social Security (Commissioner) denying her disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

"[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citation omitted). The Commissioner's findings of fact "if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). In Shapiro's hearing before an Administrative Law Judge (ALJ), a vocational expert (VE) testified that while Shapiro could not perform her past work, she could perform other jobs that exist in significant numbers in the national economy. Based on the VE's estimates, the ALJ found at Step Five that Shapiro was not disabled.

"[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).[1] A claimant should challenge a VE's estimates through cross-examination by "rais[ing] the job-numbers issue in a general sense before the ALJ." *Shaibi v. Berryhill*, 883 F.3d

---

[1] The court has applied this exhaustion standard to non-attorney representatives as well. *See Keifer v. Saul*, 789 F. App'x 581, 582 (9th Cir. 2020) (unpublished) (holding that claimant "represented by a lay representative…forfeited any challenge to the VE's job numbers because she failed to raise the issue during the administrative hearing.").

1102, 1110 (9th Cir. 2017). After the hearing, an ALJ would ordinarily "permit the claimant to submit supplemental briefing or interrogatories" with their own job numbers. *Id.* If the ALJ declines to accept supplemental evidence, "a claimant may raise new evidence casting doubt on a VE's job estimates before the Appeals Council, provided that evidence is both relevant and 'relates to the period on or before the ALJ's decision.'" *Id.* (citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012)).

Shapiro and her representative declined to cross-examine the VE during the hearing, and Shapiro does not argue that she requested an opportunity to submit interrogatories or supplemental briefing for the ALJ to consider. Instead, Shapiro submitted new evidence on job numbers contesting the VE's estimates to the Appeals Council. Because she was represented and did not challenge the VE's job numbers during the hearing before the ALJ, Shapiro "forfeits such a challenge on appeal[.]" *Shaibi*, 883 F.3d at 1109; *Meanel*, 172 F.3d at 1115. Under *Shaibi*, the submission of new evidence to the Appeals Council does not resolve the forfeiture issue, because the issue was not first raised before the ALJ. *See* 883 F.3d at 1109–10 (citing *Brewes*, 682 F.3d at 1162).

The Commissioner was also under no obligation to sua sponte resolve a conflict between job numbers provided by Shapiro and the VE's testimony because the job numbers came from sources other than the Dictionary of Occupational

Titles. *See Shaibi*, 883 F.3d at 1109 n.6; *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020).

Accordingly, the district court judgment is **AFFIRMED**.