NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES D.A. SMITH, Plaintiff-Appellant, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant-Appellee. | No.　18-15033　D.C. No. 2:16-cv-01561-KJN　MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted April 23, 2021[**]

Before: GOODWIN, SILVERMAN, and BRESS, Circuit Judges.

James D.A. Smith appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Smith's application for Disability

Insurance Benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v.*

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The Administrative Law Judge ("ALJ") did not exceed the scope of the remand order by holding a new hearing and reviewing new evidence on remand from the district court because the terms of the remand order, as the district court itself explained, did not foreclose these actions and therefore did not run afoul of the law of the case doctrine or rule of mandate. *See Stacy v. Colvin*, 825 F.3d 563, 567-568 (9th Cir. 2016) (defining the law of the case and rule of mandate doctrines).

The ALJ provided specific and legitimate reasons supported by substantial evidence for giving less weight to the opinion of Dr. Hsia, an examining physician, because Dr. Hsia's determinations were not consistent with medical evidence in the record, including the opinions of Dr. Yen, a treating physician, and Dr. Schmitter, a non-examining physician. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-1114 (9th Cir. 1999) (examining physician's well-supported conclusions were substantial evidence sufficient to reject treating physician's conclusory and minimally supported opinion); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (ALJ may reject the opinion of an examining physician that is contradicted by the opinion of the non-examining physician and not based on independent clinical findings if the ALJ provides specific and legitimate reasons that are based on substantial evidence); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony . . . [and] for resolving ambiguities.").

Smith argues that the opinion of Dr. Yen, on which the ALJ relied to give less weight to the opinion of Dr. Hsia, was issued in the context of Smith's application for workers' compensation and therefore concerned lifting limitations rather than lifting capacity in the work setting. Although Smith is correct that "[t]he categories of work under the Social Security disability scheme are measured quite differently" than under the California worker's compensation scheme, *Desrosiers v. Sec. of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988), here, the portion of Dr. Yen's report that the ALJ relied upon represented medical findings rather than Dr. Yen's conclusions under the worker's compensation scheme. The ALJ also properly relied on the opinion of Dr. Schmitter to give less weight to the opinion of Dr. Hsia because Dr. Schmitter's opinion was consistent with other evidence in the record discussed by the ALJ. *See Andrews*, 53 F.3d at 1041.

The ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to the opinion of Dr. Johnson, a consultative examiner, regarding Smith's ability to lift and carry because it was not consistent with the opinions of Drs. Yen and Schmitt. *See Meanel*, 172 F.3d at 1113-1114; *Andrews*, 53 F.3d at 1041. The ALJ also provided specific and legitimate reasons

supported by substantial evidence for giving less weight to the opinion of Dr. Johnson regarding Smith's ability to sit during the workday because it was not consistent with substantial evidence in the record, including Smith's daily activities and the testimony of Dr. Schmitter. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ may reject a physician's opinion if it conflicts with the claimant's activities of daily living); *Meanel*, 172 F.3d at 1113-1114; *Andrews*, 53 F.3d at 1041.

**AFFIRMED.**