**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA STEIRER,

                Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No.   22-16792

D.C. No. 2:21-cv-00932-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted October 20, 2023**
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Lisa Steirer appeals the district court's order affirming the Commissioner's

decision denying Steirer's application for disability benefits under Title II of the

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act, 42 U.S.C. § 423.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order de novo and the agency's decision for substantial evidence and legal error.  *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014).  We must affirm the denial of benefits "where the evidence is susceptible to more than one rational interpretation."  *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).  We affirm.

1.     The ALJ gave clear and convincing reasons supported by substantial evidence for discounting Steirer's symptom testimony.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  The ALJ detailed how the evidence conflicted with Steirer's testimony as to the intensity, persistence, and limiting effects of her symptoms.  The evidence included objective medical findings, Steirer's history of conservative pain treatment, and her ability to complete a wide array of daily activities despite the impairments and symptoms.  *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting a claimant's subjective testimony about pain intensity because her "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (explaining that an ALJ may consider, among other factors, "the

---

[1] The Administrative Law Judge's (ALJ) decision became the final agency decision after the Appeals Council declined review.

claimant's daily activities" when assessing the credibility of a claimant (footnote and citations omitted)). Accordingly, the ALJ supported her decision to discount Steirer's subjective testimony with specific, clear, and convincing reasons.

2. Steirer asserts that the ALJ lacked a legally adequate reason to reject certain medical opinions. The ALJ did not err. The ALJ evaluated the consistency and supportability of the opinions by weighing each against objective clinical findings, Steirer's reported activities, and her history of conservative treatment. *See* 20 C.F.R. § 416.920c(a). Based on the ALJ's interpretation of the evidence, she rejected the medical opinions of Dr. Salari and Dr. Kahn as extreme. Because the record supports her interpretation, "[w]e must uphold the ALJ's decision." *Andrews*, 53 F.3d at 1039; *see also Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (holding that conflicts between a medical opinion and the physician's own notes or a claimant's activity level are "specific and legitimate reasons" for rejecting the opinion (citations omitted)). *See generally Garrison*, 759 F.3d at 1012 ("An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." (internal quotation marks and citation omitted)).

3. Finally, the ALJ did not err at step four because the hypothetical question she posed to the vocational expert incorporated all the limitations that she

3

found were supported by substantial record evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding that a proper hypothetical need only include restrictions that are supported by substantial evidence). Thus, the ALJ properly relied on the testimony of the vocational expert in response to that hypothetical.

**AFFIRMED.**