NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE A. LOUPEE, | No. 23-35150 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-03104-JAG |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James A. Goeke, Magistrate Judge, Presiding

Submitted April 1, 2024[**]
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK,[***] District Judge.

Becky A. Loupee appealed the district court decision affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("Act") for the period of February 1, 2012 through February 22, 2015.[1]

In a prior determination issued in 2015, an Administrative Law Judge ("ALJ") concluded that given Loupee's Residual Functional Capacity ("RFC"), Loupee was not disabled until February 23, 2015, when she turned 55 years old. Following a series of stipulated remands and further proceedings, an ALJ again concluded in a decision dated June 4, 2021, that Loupee was not disabled between February 1, 2012, and February 22, 2015.[2] That determination was affirmed by the district court.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

1. Loupee cannot challenge the ALJ's Step Five reliance on the job numbers provided by the Vocational Expert ("VE"). Loupee forfeited that challenge by not submitting evidence or argument in support of it at any point

---

[1] Becky Loupee passed away after her notice of appeal was filed. Her husband, Dale Loupee, was allowed to substitute in as her personal representative under Fed. R. App. P. 43(a)(1).

[2] The ALJ decision under review erroneously states that Loupee had been determined eligible for social security benefits starting on February 24, 2015, but she was granted benefits starting on February 23, 2015.

during the administrative proceedings. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108-09 (9th Cir. 2017), *as amended* (Feb. 28, 2018) ("[W]hen a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel."); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999) (Represented claimants "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. The ALJ, rather than this Court, was in the optimal position to resolve the conflict between [claimant's] new evidence and the statistical evidence provided by the VE."). By waiting to raise legal challenges to the VE's job numbers and present evidence of contrary job numbers until the case came to district court, Loupee deprived the Commissioner of the opportunity to address the alleged discrepancy and error. *See Wischmann v. Kijakazi*, 68 F.4th 498, 505-06 (9th Cir. 2023).

2.     The ALJ provided specific, clear, and convincing reasons to discount Loupee's subjective testimony that her physical and mental health symptoms prevented her from working. With respect to her physical conditions, the ALJ appropriately relied on treatment notes and examinations showing that her generally mild conditions responded well to conservative treatments to discount Loupee's claimed severity. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir.

3

2022) ("When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so.'" (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014))); *Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) (that "the claimant has not participated in any significant pain regimen or therapy program," was appropriately considered in discounting "the claimant's allegations of disabling pain excess pain and limitation").

With respect to Loupee's mental health limitations, the ALJ acknowledged the existence of Loupee's depression and anxiety but found that those conditions responded well to and were largely controlled by medications during the relevant timeframe.

Finally, the ALJ did not err in finding Loupee's daily activities – including caring for grandchildren, driving, doing household chores, and engaging in crafts and hobbies, as well as her ability to lift up to 20 pounds – contrasted with Loupee's allegations of totally debilitating symptoms. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (an ALJ may discount a claimant's testimony if the claimant's daily activities contradict the testimony).

3. The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical source opinions. The ALJ provided clear and

4

convincing reasons to reject as cursory and unsupported the opinion of Loupee's treating physician limiting her to sedentary work. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ permissibly discounted treating physician's opinion where, among other factors, the examination notes did not include "the sort of description and recommendations one would expect to accompany a finding" of disability).

The ALJ did not err in discounting the limitation on lifting and requiring "extra breaks" imposed by a consultative examining physician in February 2012 when that limitation was rejected by a second consultative examining physician in 2014 (based on Loupee's self-report) and the basis for that limitation was unidentified and failed, in functional terms, to describe what it would entail. *See Ford*, 950 F.3d at 1156 (ALJs can disregard vague opinions as not useful where they fail to specify "functional limits.").

The ALJ did not err in discounting the hours limitation on sitting and walking imposed by a different consultative examining physician in 2014 because it was inconsistent with the findings on the examination and the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency between

5

a physician's opinion and the medical record constitutes a "specific and legitimate reason" to discount the opinion). The ALJ appropriately relied on the opinions of the other state agency consultants and, more critically, the independent medical examiner who testified in this regard at the hearing.

Finally, the ALJ did not err in rejecting the limitations imposed by the consultative psychiatric examiner that Loupee needed "additional supervision and instruction" and appropriately discounted that opinion as "vague and left unexplained" and because the examiner did not identify any examination findings or other support for the limitation. The ALJ also explained that the opinion was not supported by any other opinion evidence or medical records. *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (no error where ALJ found medical provider's opinions of limitations "on a fill-in-the-blank questionnaire" not persuasive because they were not supported by any explanation or pertinent exam findings).

Finally, the ALJ provided clear and convincing reasons in support of giving significant weight to the opinions of the neutral medical expert who testified during the ALJ hearing. Contrary to Loupee's assertion, that medical expert addressed imaging regarding Loupee's degenerative disc disease and explained his disagreement with the lifting limitation identified by the first consultative examining physician.

**AFFIRMED**.