**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINA CHEN, | No. 25-3588 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-05479-TLF |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted May 18, 2026[**]
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Plaintiff-Appellant Christina Chen appeals the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's decision to affirm

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Administrative Law Judge's (ALJ) analysis and denial of benefits.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted). Substantial evidence requires "more than a mere scintilla" of evidence but does not require more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" when considering the entire record. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). "[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

1. Chen alleges the ALJ failed to give sufficient reasons for rejecting her testimony about the severity of her symptoms. Where there is no evidence of malingering, "the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). This standard requires the ALJ to "show his work" and provide "specific and legitimate reasons" to support his findings. *Smartt v. Kijakazi*, 53 F.4th 489, 494, 499 (9th Cir. 2022). Inconsistencies between objective medical evidence and statements from a claimant's subjective testimony can support the ALJ's discounting of the subjective testimony. *See id.* at 499;

*Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ provided clear and convincing reasons for rejecting Chen's subjective symptom testimony. Multiple mental status examinations from the relevant period contradicted her testimony. While Chen claimed severe paranoia, panic attacks, recurring hallucinations, and an inability to function in a work environment, medical records from the relevant period showed periods where she was stable and her symptoms were well-controlled. She did not report experiencing hallucinations to her treatment providers until 2019. Medical records documented that she had good insight into her condition and was not responding to the hallucinations. And she was routinely observed to be alert, cooperative, well-groomed, and possessing linear thought processes with grossly intact cognition.

The ALJ also noted that Chen's symptoms were successfully treated through a largely routine course of outpatient therapy and psychiatric medications. The ALJ reasonably concluded that this evidence suggested her symptoms during the relevant time period were not as limiting as alleged. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).

The ample record evidence relied on by the ALJ is "more than a mere scintilla" of evidence to support his decision to discount Chen's subjective symptom testimony. *Biestek*, 587 U.S. at 103.

25-3588

2. Chen also alleges the ALJ erred by not properly considering the evidence supplied by Dr. Kristin Price within the required five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999). Specifically, Chen alleges error in the ALJ's determination of her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a). While an ALJ must evaluate the persuasiveness of medical opinions, an ALJ may disregard vague or unsupported opinions and support his own analysis with substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ did not err by finding Dr. Price's opinion unpersuasive. Dr. Price opined that Chen experienced impairments that "may" impede her ability to function in certain roles, including a need for redirection and avoidance of complex decision-making roles. The ALJ discounted Dr. Price's opinion because it lacked specific functional limitations, was unsupported by specific evidence, and conflicted with Chen's own demonstrated abilities. *Cf. Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). Dr. Price did not explain with specificity how frequently such difficulties would occur, specify their effect on Chen's ability to perform unskilled work, or specify Chen's ability to work around others despite facing "moderate difficulty with ongoing interactions." The record also shows Chen successfully engaged in work activities as a caregiver and substitute teacher in 2017 and 2018.

The ALJ's interpretation of the evidence, evaluation of Dr. Price's opinion, and overall "rationale [were] clear enough that [they have] the power to convince." *Smartt*, 53 F.4th at 499.

**AFFIRMED.**